UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| R.L. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3032 |
| | ) | |
| MONTGOMERY COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Stateville Correctional Center, challenges the lack of legal books and exercise/yard opportunities at the Montgomery County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he was transferred to the Montgomery County Jail (the "Jail") in July, 2011. Plaintiff sought to represent himself in his criminal case, but he was unable to do so because the Jail allegedly has no legal books whatsoever. Accordingly, Plaintiff was forced to accept the appointment of a public defender, which he believes violated his right to access the court and his right to represent himself. Plaintiff also alleges that he was denied "all forms of recreation—including yard."

## ANALYSIS

Plaintiff filed this case on February 6, 2012.  A few weeks before, on January 23, 2012, Plaintiff had filed a case pursuing identical claims. <u>Brooks v. Montgomery County Jail</u>, 12-CV-3019 (C.D. Ill., Judge Myerscough).  The earlier case was dismissed on March 6, 2012 because Plaintiff was paroled on February 16, 2012, but did not provide a change of address.

In Plaintiff's earlier Complaint involving these claims he states that he is unaware of any grievance procedure he could have pursued at the Jail.  The Prison Litigation Reform Act requires an inmate to exhaust available administrative remedies before filing in federal court.  42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted.").  If a grievance procedure were available at the Jail, dismissal of this case would be required for failure to exhaust administrative remedies.  However, that determination cannot be made without a record revealing whether the Jail did have an available grievance procedure.

In any event, Plaintiff's allegations state no plausible federal claims, at least as currently pled.

> Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The right of access, however, is not "an abstract freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Instead, prisons are obligated to assist or, put another way, may not impinge on a prisoner's efforts to pursue a legal claim . . . ."

In re Maxy, 674 F.3d 658 (7th Cir. 2012). However, even if access is impeded, no claim arises unless Plaintiff suffered an "actual injury"—an impediment to pursuing a "nonfrivolous legal claim." Id.

Plaintiff admits that he was represented by a public defender in his criminal proceedings. That representation satisfied his right to access the courts, though not in the manner he preferred. If Plaintiff had refused to accept appointed counsel, he would not have been constitutionally entitled to access legal materials. See United States v. Byrd, 208 F.3d 592, 593 (7th Cir.2000)("The rule is that [the defendant] has the right

to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to law library, do not spring up."); United States v. Chapman, 954 F.2d 1352, 1362 (7th Cir.1992)(if a defendant refuses appointed counsel in a criminal proceeding, he has no constitutional right to access a law library).  Plaintiff accordingly states no claim based on the lack of legal materials at the Jail.

Regarding Plaintiff's exercise/recreation claim, lack of exercise or yard opportunities might state a constitutional claim depending on the length and nature of the deprivation.  *See* Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir.1996)(detainee stated claim where he was allegedly kept in unit about the "'size of a small house trailer with at least 37 other prisoners'" with no room to exercise, for up to seven continuous weeks); Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir. 1988)(failing to provide inmates confined to a segregation cell "at least five hours a week of exercise outside the cell raises serious constitutional questions" depending on length of incarceration).

Whether Plaintiff had enough room to exercise indoors is not

stated.  He seems to be focused on the lack of opportunity for outdoor recreation.  He also does not say how long he was in the Jail.  The IDOC website indicates that he was taken into IDOC custody on September 9, 2011.  The docket in his criminal court case indicates that a warrant issued for his arrest on July 18, 2011.  People v. R L Brooks, 2011-CF-29 (Montgomery County).  Thus, it appears that Plaintiff was in the Montgomery County Jail for less than two months.  The Court cannot determine on the present allegations if the deprivation suffered by Plaintiff was sufficiently severe to implicate the Constitution.  Additionally, the Jail itself cannot be sued under 42 U.S.C. § 1983.  *See* Powell v. Cook County Jail, 814 F.Supp. 757 (N.D.Ill.1993)(jail is not a "person" or legal entity subject to suit under § 1983).  The proper defendants are the individuals or legal entities responsible for the alleged lack of yard/recreation opportunities.

    Accordingly, Plaintiff's Complaint will be dismissed without prejudice to refiling an amended complaint regarding his exercise opportunities at the Montgomery County Jail.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for May 7, 2012 is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed, without prejudice, for failure to state a claim.

3) Plaintiff may filed an Amended Complaint in accordance with this opinion by May 21, 2012. If Plaintiff does not file an Amended Complaint, this case will be closed.

ENTERED: April 27, 2012

FOR THE COURT:

                                                                          s/Sue E. Myerscough
                                                          SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE